Lester G. and Joyce Ann Helfrich v. Commissioner.
Helfrich v. Commissioner
Docket No. 62154.
United States Tax Court
T.C. Memo 1960-33; 1960 Tax Ct. Memo LEXIS 255; 19 T.C.M. (CCH) 179; T.C.M. (RIA) 60033; February 29, 1960
*255 Lester G. Helfrich, pro se., 2170 Kalakaua Avenue, Honolulu, Hawaii. George E. Constable, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined deficiencies in petitioners' Federal income taxes for the years 1952, 1953, and 1954 in the respective amounts of $22.45, $100.96, and $74.11, and additions to tax under sections 294(d)(1)(A) and 294(d)(2) of the Internal Revenue Code of 1939 for the years 1952 and 1953 as follows: Section
Section
294(d)(1)(A)
294(d)(2)
1952
$29.34
$19.56
1953
37.62
17.88
By amended answer filed after the trial of this case, pursuant to a motion to conform the pleadings to the proof, respondent alleged that there were additional deficiencies and additions to tax due from petitioners as follows: Additions to Tax -
1939 Code
Sec.
Sec.
Year
Deficiencies
294(d)(1)(A)
294(d)(2)
1952
$156.24
$12.78
$8.52
1953
150.00
12.70
9.00
1954
138.24
0
0
The deficiencies originally determined resulted largely from respondent's determination that a Plymouth automobile owned by petitioners and sold in 1952 and a Cadillac automobile *256 bought by petitioners in 1952 and used by them during the taxable years were used in petitioners' business 90 per cent of the time and for petitioners' pleasure and convenience 10 per cent of the time, instead of being used 100 per cent for business as petitioners contend, and therefore only 90 per cent of the automobile depreciation and expenses claimed by petitioners and 90 per cent of the loss on the sale of the Plymouth automobile were allowable as deductions. The amended petition alleges error with regard to the foregoing and also alleges that respondent erred in determining that the automobiles "[had] depreciable lives in excess of four (4) years;" that they "[had] salvage values of $1,000.00 and $1,500.00, respectively, at the end of their useful lives," and "in determining the basis to be used in the computation of the loss on sale of automobile in 1952." Petitioners also alleged error with regard to the additions to tax claiming that their "failure to timely file declarations of estimated tax was due to reasonable cause and not due to willful neglect." The additional deficiencies claimed in respondent's amended answer are predicated on respondent's contention that the *257 evidence at the trial herein disclosed for the first time that of the deductions claimed by petitioners on account of rent, $720 was paid annually for the rent of petitioners' living quarters and was therefore not deductible. Findings of Fact Petitioners are husband and wife and resided during the taxable years in a room located at 2170 Kalakaua Avenue, Honolulu, Hawaii, where they also maintained their place of business. They filed joint Federal income tax returns with the director of internal revenue at Honolulu. In their returns for the years 1952 and 1953 they falsely stated that their address was 1028 17th Avenue, Honolulu. Lester G. Helfrich, sometimes hereinafter referred to as "petitioner" was engaged in business during the taxable years as a manufacturers' representative and the operator of a dress shop. In the conduct of such business he used two rooms at the 2170 Kalakaua Avenue address. Another room at that address was used partly as petitioners' living quarters and partly for the storage of wearing apparel used in the dress business. One-half of the annual rental of this room ( $360) constituted a nondeductible personal expense of petitioners. Petitioners ate their *258 meals in restaurants. Petitioners acquired a Plymouth sedan on July 1, 1947, at a cost of $2,750. They sold this car on March 30, 1952, for $1,000. Petitioners acquired a Cadillac convertible in May 1952 at a cost of $4,446.08, taking delivery of it in Detroit, Michigan, and driving it to the West Coast for shipment to Honolulu. In the operation of these automobiles petitioners expended $559.73 in 1952, $511.32 in 1953, and $528.14 in 1954. The depreciable lives of these automobiles and their salvage values were as determined by respondent. Petitioners used these automobiles to some extent, the exact percentage of time being undisclosed by the record herein, for their personal pleasure and convenience. Petitioners files no declaration of estimated tax for the year 1952. Petitioner Lester filed a declaration of estimated tax for the year 1953 on October 23, 1953, in the amount of $160. The taxes shown to be due on petitioners' return for the year 1952 were $370.31, and the taxes shown to be due on their return for 1953 were in the sum of $438.04. Petitioners' failure to file such declarations of estimated tax within the time prescribed was due to Lester's impression that *259 it was not necessary to file them. Petitioner did not consult with his accountant with regard to the matter until 1954. Petitioners' failure to file such declarations within the prescribed time was not due to reasonable cause. Petitioners substantially underestimated their estimated tax for the year 1953. Opinion KERN, Judge: The questions raised by the instant case are largely factual and have been resolved in our findings of fact. With regard to the issues upon which petitioners have the burden of proof, it is obvious that not only have they failed to carry this burden but also that the facts appearing in the record before us tend to substantiate respondent's determination. With regard to the issue upon which respondent has the burden of proof (the allowability of part of a deduction on account of rent paid), we have concluded that one-half of the rent of one room was a personal expense of petitioners and was not deductible. As respondent has conceded on brief, the addition to tax under section 294(d)(2) for the year 1952 cannot be sustained in view of the opinion of the Supreme Court in Commissioner v. Acker, 361 U.S. 87. Decision will be entered under *260 Rule 50.